IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GILBERT RODRIGUEZ and REFUGIO CAMPOS, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs <br><br> v. <br><br> REPUBLIC SERVICES, INC. and BFI WASTE SERVICES OF TEXAS, LP D/B/A REPUBLIC SERVICES OF SAN ANTONIO D/B/A ALLIED WASTE SERVICES OF SAN ANTONIO, <br><br> Defendant. | § § § § § § § § § § § § § § § § | NO. 5:13-cv-00020 |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION

Defendants BFI Waste Services of Texas, LP d/b/a Allied Waste Services of San Antonio and Republic Services of San Antonio have asked the Court to reconsider its ruling denying their Motion for Summary Judgment. Defendants do not believe that any additional briefing on the substantive arguments raised in their motion for reconsideration is necessary. Consequently, they will not re-argue those points here. Instead, Defendants submit this brief reply to address only one specific issue raised by Plaintiffs' in their response.

Plaintiffs argue that Defendants have waived their reliance on the piece-rate regulation (29 C.F.R. § 778.111) because they did not plead this argument as an affirmative defense. *See* Plaintiffs' Response, Docket No. 25, ¶ 17. This contention is unfounded for several reasons.

First, Defendants do not claim that Plaintiffs were paid on a piece-rate basis. Instead, as Plaintiffs concede in their briefing, Defendants merely argue that their interpretation of the day-rate regulation (29 C.F.R. § 778.112) is consistent with Section 778.111. *See* Plaintiffs'

16142089v.1

Response, Docket No. 25, ¶ 16 ("Defendants argue the Court erred because the payment method they utilized is *consistent* with 29 C.F.R. § 778.111) (emphasis added). In other words, Defendants are relying on Section 778.111 by analogy, not as a specific defense to Plaintiffs' claims.

Second, Plaintiffs have the burden in this case to establish that Defendants violated the Fair Labor Standards Act. *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001) ("Generally, a plaintiff suing under the FLSA carries the burden of proving all elements of his or her claim."). Moreover, general compliance with a statutory or regulatory framework is not an affirmative defense. *See* Fed. R. Civ. P. 8(c) (compliance with statutory scheme not included as an "affirmative defense"). Thus, Defendants are not required to plead general compliance with the FLSA (or any particular FLSA regulation) as an affirmative defense in this case.

Third, even if Defendants' analogy to Section 778.111 was an affirmative defense, the Fifth Circuit has explained that waiver in this context is never automatic because "there is some play in the joints." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008). In particular, a technical failure to plead an affirmative defense in compliance with Federal Rules of Civil Procedure 8(c) does not fatally destroy a proponent's ability to raise the affirmative defense if it is raised in the trial court in a way that does not result in unfair surprise. *Rogers*, 521 F.3d at 385-86 (citing *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983) (per curiam)); *see also Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983) ("Where the matter is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precisely with Rule 8(c) is not fatal.").

Defendants raised this argument by analogy at the earliest opportunity in their motion for summary judgment. Plaintiffs have had several opportunities and sufficient time to respond to

2
16142089v.1

the argument—during the summary judgment briefing and now in response to the motion for reconsideration, and have not established prejudice. Accordingly, Defendants have not waived this argument. *See, e.g.*, *Rogers*, 521 F.3d at 385-86 ("[A] defendant does not waive an affirmative defense if it is raised at a 'pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.") (internal quotations omitted).

## CONCLUSION

For the reasons set forth above and in Defendants' Motion for Reconsideration, Defendant BFI Waste Services of Texas, LP d/b/a Allied Waste Services of San Antonio and Republic Services of San Antonio respectfully request that the Court reconsider its ruling on Defendants' Motion for Summary Judgment and to grant summary in their favor and rule that BFI's method of paying Plaintiffs was lawful and did not violate the FLSA.

DATED: September 18, 2013

Respectfully submitted,

SEYFARTH SHAW LLP

BY: /S/ ESTEBAN SHARDONOFSKY

    Esteban Shardonofsky
    Texas State Bar No. 24051323
    sshardonofsky@seyfarth.com
    700 Louisiana Street, Suite 3700
    Houston, Texas 77002-2797
    Telephone: (713) 225-2300
    Facsimile: (713) 225-2340

    Noah Finkel (pro hac vice)
    nfinkel@seyfarth.com
    131 South Dearborn Street, Suite 2400
    Chicago, Illinois 60603-5803
    Telephone: (312) 460-5913
    Facsimile: (312) 460-7913

    Attorneys for Defendants REPUBLIC SERVICES, INC. AND BFI WASTE SERVICES OF TEXAS, LP

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2013, a true and correct copy of the foregoing instrument was served upon counsel of record for Plaintiff, as listed below, by the Western District of Texas ECF.

Charles M. R. Vethan
The Vethan Law Firm, PC
3501 Allen Parkway
Houston, Texas 77019

/s/ Esteban Shardonofsky
Esteban Shardonofsky