# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| **GILBERT RODRIGUEZ, ET AL.** | § | |
| | § | |
| **v.** | § | |
| | § | SA-13-CV-20-XR |
| **REPUBLIC SERVICES, INC., ET AL.** | § | |

## ORDER

On this day came on to be considered Defendants' motion for reconsideration (docket no. 24) and Plaintiffs' motion for summary judgment (docket no. 20).

On August 12, 2013, this Court entered an Order denying Defendants' motion for summary judgment. See docket no. 23. In that Order, the Court rejected Defendants' argument that they properly calculated their employees' "regular rate" in accordance with 29 C.F.R. § 778.112. Defendants request that the Court reconsider its ruling and Plaintiffs request that the Court grant their cross motion for summary judgment.

The facts in this case are undisputed. For the five regularly scheduled work days of the week, Plaintiffs were paid a base day rate of $120. Plaintiffs were also required on occasion to work a day during the weekend (the "Sixth Day") at the discretion of their supervisor. On the Sixth Day, despite Plaintiffs performing the same work as on the regularly scheduled days, Plaintiffs were paid at an hourly rate based upon each employee's regular rate of pay for a trailing thirteen-week average. In addition, Plaintiffs were provided "incentive payments" of $10 for each day worked, including both the regularly scheduled days and the Sixth Day.

In relevant part, section 778.112 states:

> If the employee is paid a flat sum for a day's work … without regard to the number of hours worked in the day …, and if he receives no other form of compensation for services, his regular

>rate is determined by totaling all the sums received at such day rates … in the workweek and dividing by the total hours actually worked.  He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

Plaintiffs argue that because Defendants paid their employees utilizing three different forms of compensation for the same service, the Defendants' reliance upon section 778.112 is improper.

Citing *Sexton v. BFI Waste Systems of North America*, No. 00-CV-73473, 2002 U.S. Dist. Lexis 26129 (E.D. Mich. Dec. 3, 2002), Defendants argue that despite calculating their employees' regular rate using three compensation methods, their calculation remains in compliance with section 778.112.  Because *Sexton* referenced *Dufrene v. Browning-Ferris, Inc.*, 207 F.3d 264 (5th Cir. 2000), this Court will first address this Fifth Circuit opinion.  In *Dufrene*, the driver employees were paid a day rate.  The employees argued that because they received sick days, paid vacation, and other fringe benefits, they were paid other forms of compensation, such that section 778.112 could not be applied.  The Fifth Circuit noted that sick days and other fringe benefits are not "other compensation," relying upon 29 C.F.R. § 778.200 (1999) (for calculating regular rate for overtime pay, payments for vacation, holiday, illness, retirement, health insurance, or similar benefits not compensation).  Accordingly, the Fifth Circuit has not yet addressed the compensation system at issue in this case.

In *Sexton*, the plaintiffs were paid a day rate and "special pay."  The *Sexton* court concluded that it was not "persuaded by plaintiff that special or extra pay is another 'form of compensation for services' such that plaintiff should not have been paid pursuant to the formula set out in § 778.112." *Sexton*, 2002 U.S. Dist. Lexis 26129 at *17.  In making its determination

the *Sexton* court relied upon a Department of Labor letter dated June 22, 1967.[1]  In that letter, school bus drivers were paid a day rate of $10 per day.  In addition, they were paid $2.00 per hour for extra trips.  With no discussion as to whether the "extra trip" pay constituted another form of compensation, the letter appears to allow application of section 778.112 in these arrangements.

Defendants assert that sections 778.111 through 778.122 are mere examples of the proper method for determining the regular rate of pay, and the regulations do not preclude their "regular rate" construction.  In this Court's previous Order, however, the Court noted that the only regulation which explicitly covers employment arrangements involving two different rates being paid to an employee is section 778.115, and this section expressly requires that the employee undertake "different kinds of work." See 29 C.F.R. § 778.115 (section titled "Employees working at two or more rates").  It is undisputed that the Plaintiffs in this case did not undertake different kinds of work.  *But see Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1313 (11th Cir. 2007) ("reading section 778.115 in the context of section 778.109, it becomes apparent that the former is one of the examples mentioned in the latter as a way that the regular rate may be calculated in certain cases. While it exemplifies one way that a regular rate may be determined, it does not mandate that differing rates of pay are only permitted when different types of work are performed.").

This Court is troubled by Defendants' argument and the Eleventh Circuit's decision in *Allen*.  The Fair Labor Standards Act dictates that the general rule is that an employee should receive overtime wages at one and one-half times the regular rate at which he is employed. "Except as otherwise provided …, no employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his

---

[1] Defendants provided the Court a copy of this letter, referred to as FLSA-953.

employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). Defendants' argument (and the *Allen* decision) flips the general rule onto its head allowing for any number of payroll methods to be employed in order to pay overtime at only the half-rate, rather than one and one-half times.

In this case the parties appear to agree that if Plaintiffs only worked Monday through Friday and Defendants had merely paid the Plaintiffs their day rate, section 778.112 would apply. In this scenario, rather than receiving overtime at one and one-half times the regular rate, Plaintiffs would only receive overtime at half-time the regular rate. For whatever business reasons, the employer here employed two additional compensation methods in the payroll system. To acquiesce to this system, however, the court would have to rewrite section 778.112 as follows: If the employee is paid a flat sum for a day's work … without regard to the number of hours worked in the day …, ~~and if he receives no other form of compensation for services~~, his regular rate is determined by totaling all the sums received at such day rates … in the workweek and dividing by the total hours actually worked. *See Rodriguez v. Carey Intern., Inc*., 2004 WL 5582173(S.D. Fla. Sept. 15, 2004) ("[Section 778.112] does not provide definitional contours, nor is there case law to explain the clause. But the most logical and likely reasoning is that the regulation does not apply if one of the other forms of compensation delineated in the surrounding regulations is also utilized, or if the employee is given some other form of compensation separate and apart from the job rate. For example, if besides a job rate, an employee also receives an hourly rate, salary, or commission, for some of his work, the job rate regulation would not apply.").

**Conclusion**

For the reasons stated above, and in the Court's previous Order, Defendants' motion for reconsideration (docket no. 24) is DENIED and Plaintiffs' motion for summary judgment (docket no. 20) is GRANTED. The Court concludes that Defendants improperly relied upon Section 778.112 in calculating the Plaintiffs' regular rate and that pursuant to 29 U.S.C. § 207(a), Plaintiffs should have received overtime compensation at a rate not less than one and one-half times the regular rate at which they were employed.

SIGNED this 15th day of October, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE