IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GILBERT RODRIGUEZ and REFUGIO CAMPOS, on Behalf of Themselves and All Others Similarly Situated,<br>    Plaintiffs<br><br>v.<br><br>REPUBLIC SERVICES, INC., and BFI WASTE SERVICES OF TEXAS, LP D/B/A REPUBLIC SERVICES OF SAN ANTONIO D/B/A ALLIED WASTE SERVICES OF SAN ANTONIO<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:13-cv-00020<br><br><br><br>JURY TRIAL DEMANDED |

**UNOPPOSED MOTION TO CONDITIONALLY CERTIFY**

Plaintiffs, Gilbert Rodriguez and Refugio Campos, individually, and on behalf of all others Similarly Situated (hereinafter "Plaintiffs"), hereby move the Court for an order to notice potential class members in this case as a class action pursuant to Rule 23(a), (b)(2) of the Federal Rules of Civil Procedure on behalf of the following class of Similarly Situated persons:

> *All of Defendants' current and former Residential Route Drivers who were employed in or around San Antonio by Defendant Allied Waste Services of San Antonio and who were required to work over forty (40) hours per week and were paid pursuant to the pay method of $120.00 base "day rate" plus an "administrative day rate" of $10.00, and on the weekends, at an hourly rate during the three-year period before September 18, 2013. These Residential Route Drivers were not properly compensated for hours worked over forty (40).*

This motion is based upon the accompanying memorandum of law and exhibits.

        Respectfully submitted,

        THE VETHAN LAW FIRM, PC

        By: /s/ Charles M. R. Vethan
        Charles M.R. Vethan
        State Bar No. 00791852
        3501 Allen Parkway
        Houston, TX 77019
        Telephone: (713) 526-2222
        Facsimile: (713) 526-2230

        ATTORNEY IN CHARGE FOR PLAINTIFFS & CLASS MEMBERS

OF COUNSEL:
The Vethan Law Firm
3501 Allen Parkway
Houston, TX 77019
Telephone: (713) 526-2222
Facsimile: (713) 526-2230

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## MOTION FOR NOTICE TO POTENTIAL CLASS MEMBERS

### I.    SUMMARY

1.     Defendants do not oppose this Motion to Conditionally Certify Class. This Court has already ruled that Defendants' payment scheme violated the Fair Labor Standards Act ("FLSA") and granted Plaintiff's Motion for Summary Judgment on the issue. *See* Order dated October 15, 2013 invalidating Defendants' payment scheme [Docket No. 27]. Plaintiffs request the right to notify their former coworkers of this pending action.

### II.   INTRODUCTION

2.     Plaintiffs filed this FLSA lawsuit on behalf of themselves and as a collective action under 29 U.S.C. § 216(b), which permits an employee to maintain an action against the employer for and on behalf of himself, and other employees similarly situated against Defendants Republic Services, Inc. ("Republic Services"), and BFI Waste Services of Texas, LP d/b/a Republic Services of San Antonio d/b/a Allied Waste Services of San Antonio ("Allied Waste") (collectively referred to as "Defendants"). Specifically, this class ("Class") consists of:

> *All of Defendants' current and former Residential Route Drivers who were employed in or around San Antonio by Defendant Allied Waste Services of San Antonio and who were required to work over forty (40) hours per week and were paid pursuant to the pay method of $120.00 base "day rate" plus an "administrative day rate" of $10.00, and on the weekends, at an hourly rate during the three-year period before September 18, 2013. These Residential Route Drivers were not properly compensated for hours worked over forty (40).*

3.     Plaintiffs seek an order conditionally certifying this Class under the FLSA and providing notice to the members of this class of the existence of this suit and their right to opt-in. This action seeks class-wide relief on behalf of all of Defendants' current and former Residential Route Drivers who were paid pursuant to the pay method of $120.00 "day rate" plus an "administrative day rate" of

$10.00 for a total "day rate" of $130.00, and who were required to work on weekends (the "Sixth Day"), and were paid an hourly rate on the Sixth Day. The only issue before this Court is whether Plaintiffs are entitled to send notice to other Similarly Situated employees who were denied properly-calculated overtime compensation.

4. Plaintiffs fully incorporate by reference the following:

| EXHIBIT A | Unsworn Declaration of Cindy Duggan |
|---|---|
| EXHIBIT B | Unsworn Declaration of Gilbert Rodriguez |

### A.    *Nature and State of the Proceeding*

5. Defendants Republic Services, Inc. ("Republic Services"), and BFI Waste Services of Texas, LP d/b/a Republic Services of San Antonio d/b/a Allied Waste Services of San Antonio ("Allied Waste") (collectively referred to as "Defendants") are a waste management company, providing solid waste collection, transfer, recycling and disposal services to its customers throughout the United States (including Texas), and employ Residential Route Drivers to perform these services. Collectively, the Defendants operate the Republic Services waste management service and are alleged to be a "single enterprise" under the FLSA. 29 U.S.C. § 203(r)(1).

6. Plaintiffs were all non-exempt employees who are/were previously employed by the Defendants as "Residential Route Drivers," and routinely worked approximately fifty seven (57) hours in a workweek. Pursuant to a companywide policy, Defendants did not compensate them for those hours in excess of forty (40) at one and one-half times their regular rate of pay. *See* Order dated October 15, 2013 invalidating Defendants' payment scheme [Docket No. 27]. Instead, all Plaintiffs were paid $130.00 per day for work performed Monday through Friday and on an hourly rate on the Sixth Day. This compensation method does not properly compensate and/or calculate payment for hours worked over forty (40). (Exhibit A).

7. The FLSA requires that these non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Plaintiffs allege that Defendants violated the FLSA by failing to properly calculate and compensate them time and one-half for each hour worked in excess of forty (40) per work week. [Docket No. 5]. Accordingly, Plaintiffs brought this collective action to recover unpaid overtime compensation under 29 U.S.C. § 206 and §216(b). [Docket No. 5]. Plaintiffs have knowledge as to Defendants pay practices in San Antonio, Texas.

8. This case is in the *Lusardi* "notice" stage as more fully explained below.

9. Discovery has not proceeded in this above styled matter, though an initial set of discovery was issued by the Plaintiffs. It was agreed during the pendency of the Motions for Summary Judgment and the Motion to Reconsider to extend the deadline to answer that discovery.

10. Plaintiffs respectfully request this Court conditionally certify this case as a collective action under 29 U.S.C § 216(b), authorize approved notices, and order the production of names, last known addresses, and dates of employment of all potential class members. Plaintiffs will immediately proceed with discovery concerning those individuals upon the granting of this motion.

### III. FACTUAL BACKGROUND

#### A. *The Job Description*

11. Defendants are a waste management company that operates throughout the United States. To perform its services, Defendants hire Residential Route Drivers to among other things, drive garbage trucks along routes, collect residential waste, collect brush, and take the waste and brush to designated facilities. (Exhibit A).

12. Despite performing the ***same work*** every day, Defendants paid these Residential Route Drivers under an alleged "day rate" method of compensation for work performed Monday through Friday, but on an "hourly rate" method for work performed on the weekends. As such, Defendants

wrongfully compensated Plaintiffs and other similarly situated persons, and this Court has already found so. *See* Order dated October 15, 2013 invalidating Defendants' payment scheme [Docket No. 27].

### IV.     ARGUMENTS AND AUTHORITIES

#### A.     <u>*FLSA Collective Action Certification*</u>

##### i.     *Notice to Similarly Situated Parties.*

13.    Under the FLSA, employees have the right to bring an action "for and in behalf of... themselves and other employees similarly situated." 29 U.S.C. § 216(b). Section 216(b) of the FLSA establishes an opt-in scheme under which plaintiffs must affirmatively notify the court of their intention to become parties to the suit. *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 697 (W.D. Tex. 2009). Notice does not issue unless a court conditionally certifies the case as a collective action. *Bernal v. Vankar Enter., Inc.*, 2008 WL 791963, at *3 (W.D. Tex. March 24, 2008). As such, Plaintiffs respectfully request this Court grant an Order allowing conditional certification of the requested class.

14.    The class sought to be formed is for all of Defendant's employees who worked as "Residential Route Drivers", who were employed in or around San Antonio by Defendant Allied Waste Services of San Antonio who worked during the three years preceding September 18, 2013.

15.    Courts recognize two methods to determine whether to authorize notice to similarly situated employees, advising them of their right to join an FLSA collective action. These methods are the two-step *Lusardi* approach and the class-action based *Shushan* approach. *De la Cruz v. El Paso County Water Imp. Dist. No. 1*, EP-05-CV-206-FM, 2005 WL 2291015 (W.D. Tex. Sept. 19, 2005); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990).

16.     The Western District of Texas has regularly used the *Lusardi* "two-step *ad hoc* approach" as the preferred method for the similarly-situated analysis,[1] which is consistent with Fifth Circuit dicta stating that the two-step approach is the typical manner in which these collective actions proceed.[2] *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008). Further, this specific Court has previously accepted the "similarly situated" analysis under the *Lusardi* method as appropriate.[3]

17.     Accordingly, Plaintiffs address the *Lusardi* methodology preferred by this Court, the Western District of Texas, and the Fifth Circuit.

### ii.     *Lusardi*

18.     This present case is approaching the "notice stage". Under the *Lusardi* analysis, the decision whether to issue notice to potential class members is "<u>made using a fairly lenient standard</u>." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995). Courts do not review the underlying merits of the action in determining whether to conditionally certify. *Gandhi v. Dell Inc.*, A-08-CA-248 JRN, 2009 WL 1940144 (W.D. Tex. July 2, 2009) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir.1995) and *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987)).

---

[1] *See, e.g., Pedigo v. 3003 S. Lamar, LLP,* 666 F. Supp. 2d 693, 697 (W.D. Tex. 2009) (Nowlin); *Gandhi v. Dell, Inc.*, No. A-08-CA-248-JRN, 2009 WL 1940144 (W.D.Tex. July 2, 2009) (Magistrate Judge Austin); *Bernal v. Vankar Enter., Inc.*, 2008 WL 791963, at *3 (W.D.Tex. March 24, 2008) (Rodriguez); *Castillo v. Hernandez*, EP-10-CV-247-KC, 2010 WL 4595811 (W.D. Tex. Nov. 4, 2010) (Cardone); *Scherrer v. S.J.G. Corp.*, A-08-CA-190-SS, 2008 WL 7003809 (W.D. Tex. Oct. 10, 2008) (Sparks); *Sims v. Hous. Auth. City of El Paso*, EP-10-CV-109-KC, 2010 WL 2900429 (W.D. Tex. July 19, 2010) (Cardone); *Bonner v. Metro. Sec. Services, Inc*., SA-10-CV-937-XR, 2011 WL 902252 (W.D. Tex. Mar. 15, 2011) (Rodriguez)

[2] The Fifth Circuit has also stated that "[t]here is a fundamental, irreconcilable difference between the class action described by [Rule 23] and that provided for by [Section 216(b)]," i.e., the "opt out" procedure for class members under Rule 23 as opposed to the "opt in" procedure under Section 216(b). *LaChapelle*, 513 F.2d at 288; see also *Donovan v. Univ. of Tex. at El Paso*, 643 F.2d 1201, 1206 (5th Cir. 1981) ("The FLSA procedure, in effect, constitutes a congressionally developed alternative to the [Rule 23] procedures.").

[3] *See, e.g., Bonner v. Metro. Sec. Services, Inc.*, SA-10-CV-937-XR, 2011 WL 902252 (W.D. Tex. Mar. 15, 2011);*Vallejo v. Ne. I.S.D.*, SA-12-CV-270-XR, 2012 WL 5183581 (W.D. Tex. Oct. 17, 2012); *Barrera v. MTC, Inc*., SA-10-CV-665-XR, 2011 WL 809315 (W.D. Tex. Mar. 1, 2011); *Neagley v. Atascosa County EMS*, CIV.A.SA04CA0893XR, 2005 WL 354085 (W.D. Tex. Jan. 7, 2005)

19. First, under the first step of the *Lusardi* analysis, courts decide whether to issue notice to potential class members. *Mooney*, 54 F.3d at 1213–14. The first-stage requires only a minimal showing by the plaintiffs that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit. *Mooney*, 54 F.3d at 1214; *Castillo v. Hernandez*, EP-10-CV-247-KC, 2010 WL 4595811 (W.D. Tex. Nov. 4, 2010). A plaintiff need only make a <u>minimum showing</u> to guide the court's determination in whether to issue notice to potential class members. *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 915 (S.D. Tex. 2010).

20. Later, at the second stage, when discovery is largely complete, a defendant may move to "de-certify" the conditionally certified class. *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 697 (W.D. Tex. 2009).

          **a.    Similarly Situated Employees**

21. For an opt-in class to be created under 29 U.S.C. § 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney*, 54 F.3d at 1213-14.

22. A Plaintiff who provides "substantial allegations" showing a factual basis that link potential class members together as the victims of a single decision, policy, or plan that is alleged to violate the FLSA meets this lenient burden. *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 697 (W.D. Tex. 2009); *Mooney*, 54 F.3d at 1214.6. Courts *routinely* certify cases in which plaintiffs allege and present affidavits or similar evidence showing that their employer followed a consistent practice or policy of refusing to pay overtime for working more than forty scheduled hours in a single work-week. *Quintanilla v. A & R Demolitina, Inc.*, CIV.A. H-04-1965, 2005 WL 2095104 (S.D. Tex. Aug.

30, 2005).

23.     Plaintiffs make this minimal factual showing, through their pleadings and affidavits and this Court's orders, of substantial allegations that putative class members were together the victims of a single decision, policy or plan…" *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009) *citing Albanil v. Coast 2 Coast, Inc.,* 2008 WL 4937565, at *6 (S.D. Tex. Nov. 17, 2008) *quoting Mooney*, 54 F.3d at 1214).

24.     Plaintiffs submit their affidavits showing that all "Residential Route Driver" employees were subject to the same factual and employment settings of the individual plaintiffs. All Plaintiffs and similarly situated persons:

- They were all paid pursuant to the same Hybrid Day Rate – Hourly Rate Method
- They all performed the same kind of work as Residential Route Drivers. (Exhibit B)

25.     Additionally, Plaintiffs are aware of other similarly situated parties who were paid under the same compensation policy by the Defendant employers who would be interested in joining this matter as class parties. Exhibit B; *Yaklin v. W-H Energy Servs., Inc*., 2008 WL 1989795, at *3 (S.D.Tex. May 2, 2008).

26.     Upon information and belief, Defendants do issue company-wide employment handbooks as well as employment offer letters setting forth the employee pay structure.  All Residential Route Drivers were paid in the same manner, none of whom were paid properly calculated overtime. (Exhibit B).  *See* Order dated October 15, 2013 invalidating Defendants' payment scheme [Docket No. 27]. Therefore, Plaintiffs have established that such uniformity within the residential driver employees exist. Conditional certification and issuance of notice is warranted, and this Court should favor class notice.

27.     The sheer volume of Defendants' localities (fn. 1) further makes this case suitable for

certification because of the judicial economies and efficiencies that can be achieved through collective treatment. Of all localities, only a small, but representative, portion of residential driver employees are assembled here as Plaintiffs.

### III. NOTICE

#### A. *The Proposed Notice will be Fair and Adequate*

28. Plaintiffs have shown that Defendants' company-wide policy required employees to work overtime and that Defendants refused to compensate properly calculated overtime at the required rate of one and one-half times their regular rate. The evidence demonstrates that these employees, along with currently unknown employees, are similarly situated and subject to a uniform payroll policy (Exhibit B).

29. Notice to the class should be expedited in this action in order to prevent the wasting of the employees' claims. The employees' claims are governed by a two year statute of limitations or, in the case of a "willful violation," a three year statute of limitations. *See* 29 U.S.C. § 256(a). Plaintiffs and Defendants are working on a proposed notice that is "timely, accurate, and informative," as required, and provides notice of the pendency of the action and of the opportunity to opt in. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

30. That notice will describe Plaintiffs' legal claims are accurately described. It will advise potential op-ins that they are not required to participate, and provide clear instruction on how to opt-in. The opt-ins are further instructed to file their consents with the Court within sixty (60) days of the mailing. This is consistent with established practice under the FLSA. *Hoffmann-LaRoche*, 493 U.S. at 172. Lastly, the notice will state the prohibition against retaliation or discrimination for participation in this action. *See* 29 U.S.C. § 215(a)(3).

### B. *Method of Notice*

31. Plaintiffs propose that the notice and consent forms be mailed by first class mail to all potential opt-ins for the entire three-year period before this lawsuit was filed. Plaintiffs' counsel will oversee the mailing of such notices and incur the charges for same (postage, copying, etc.).

### B. *Proposed Limited Discovery*

32. The discovery of a mailing list and contact information for class members in a computer readable format is a routine component of notice in collective actions. *See, e.g., De La Rosa Ortiz v. Rain King, Inc.*, No. Civ. A. H-02-4012, 2003 WL 23741409, at *1 (S.D. Tex. Mar. 10, 2003) (granting class notice and ordering Defendant to produce the names, addresses and phone numbers of class employees in a readable computer format); *Alba v. Madden Bolt Corp.*, Civil action H-02-1503, 2002 WL 32639827 (S.D. Tex. June 5, 2002) (J. Hoyt) (Court ordered Defendant to produce the full name, last known address, telephone numbers, dates and location of employment for three years); *Hoffmann-LaRoche*, 493 U.S. at 170 ("District Court was correct to permit discovery of the names and addresses…").

33. The parties are currently working jointly on a proposed notice to the Class Members. If the parties cannot agree on the proposed notice, they will bring any outstanding issues to the Court's attention.

34. In order to facilitate timely and orderly notice to all Potential Class Members, Plaintiffs request this Court to instruct Defendants to furnish to Plaintiffs' Counsel within ten (10) days a list of all Potential Class Members – identifying each person by full name, last known address, and dates and location(s) of employment for the three years preceding September 18, 2013.

35. All of the requested information is necessary to allow Plaintiffs sufficient information to confirm current addresses and/or to locate those persons who may have moved from their last known

addresses.

## V.   CONCLUSION AND PRAYER

WHEREFORE, Plaintiffs respectfully request this Court grant this Motion and provide the following relief to Plaintiffs:

> *All of Defendants' current and former Residential Route Drivers who were employed in or around San Antonio by Defendant Allied Waste Services of San Antonio and who were required to work over forty (40) hours per week and were paid pursuant to the pay method of $120.00 base "day rate" plus an "administrative day rate" of $10.00, and on the weekends, at an hourly rate during the three-year period before September 18, 2013. These Residential Route Drivers were not properly compensated for hours worked over forty (40).*

(1) Conditionally certify this case a collective action under 29 U.S.C. § 216(b) with respect to all of Defendants' current and former Residential Route Drivers who were required to work over forty (40) hours per week and were paid pursuant to the pay method of $120.00 base "day rate" plus an "administrative day rate" of $10.00, and on the weekends at an hourly rate during the three-year period before September 18, 2013 in San Antonio;

(2) Authorize mailing of the proposed notice and consent forms (Exhibit B) to all current and former regional gold buyer employees; and

(3) Require Defendant to produce the names and all known addresses, phone numbers, for all class members in San Antonio so that notice may be implemented.

Plaintiffs request this Court conditionally certify the class and allow this matter to proceed as a collective action during discovery.

           Respectfully submitted,

           THE VETHAN LAW FIRM, PC

           By: /s/ Charles M. R. Vethan
           Charles M.R. Vethan
           State Bar No. 00791852
           3501 Allen Parkway

Houston, TX 77019
Telephone: (713) 526-2222
Facsimile: (713) 526-2230

ATTORNEY IN CHARGE FOR PLAINTIFFS & CLASS MEMBERS

OF COUNSEL:
The Vethan Law Firm
3501 Allen Parkway
Houston, TX 77019
Telephone: (713) 526-2222
Facsimile: (713) 526-2230

## CERTIFICATE OF CONFERENCE

I certify I conferred with opposing counsel concerning this motion and Defendants' counsel is unopposed to this motion.

/s/ Charles M. R. Vethan
Charles M.R. Vethan

## CERTIFICATE OF SERVICE

This is to certify that on October 22, 2013, a copy of the foregoing instrument was served upon all parties via the Court's electronic case filing system.

/s/ Charles M. R. Vethan
Charles M.R. Vethan